UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE BUILDING SERVICE 32BJ HEALTH FUND,

                 Civil Action No.: 1:18-cv-0779

        Plaintiff,

                 COMPLAINT

   v.

QUALITY ASSURED CLEANING CONTRACTORS, INC.


        Defendant.
-------------------------------------------------------------------------X

  The Building Service 32BJ Health Fund (hereinafter "Plaintiff" or the "Fund") by its attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against Quality Assured Cleaning Contractors, Inc. (hereinafter referred to as "Defendant"), respectfully allege as follows:

### NATURE OF ACTION

  **1.** This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund for relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or remit the required monetary contributions. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Fund when due, Defendant

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   a. Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   b. Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   c. 28 U.S.C. Section 1331 (federal question);

   d. 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute retirement benefits in the form of annuities,

to those employees eligible to receive them. The Fund maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was and continues to be a for-profit Virginia corporation owning and operating a commercial business having a principal place of business at 2789 B Hartland Road, Falls Church, Virginia 22043, and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is party to a series of collective bargaining agreements (hereinafter the "Agreements") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or remit the required monetary contributions and/or reports to the Fund, for Defendant's employees within the unit set forth in the Agreements with Union.

## AS AND FOR THE FIRST CLAIM FOR RELIEF
## FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301

7. The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8.      Pursuant to the Agreements, there became due and owing to the Fund from Defendant benefit contributions from July 2011 to date.

9.      As reported by a Fund payroll audit, Defendant has failed to make full, accurate and timely benefit contributions during the period July 1, 2011, through October 31, 2017. As a consequence of these non-payments, the Fund has been damaged in the amount of $32,421.62 in unpaid benefit contributions, as well as interest and statutory liquidated damages.

10.     The failure, refusal or neglect of Defendant to make the required contributions to Plaintiff Fund constitutes a violation of the Agreements between Defendant and the Union with respect to the Fund as a third-party beneficiary.

11.     Accordingly, Defendant is liable to the Fund for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant.

12.     Pursuant to the collective bargaining agreements, Defendant is liable to the Fund for contractual interest at the rate of 9% per annum, liquidated damages of 20% of the delinquent principal, the Fund's attorney's fees and court costs incurred in collecting the delinquent contributions.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

13.     The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

14. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

15. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Fund when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

16. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Fund's plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

17. For the period July 1, 2011, to October 31, 2017, Defendant failed to pay the Fund no less than $32,421.62 in required contributions, in violation the Agreements.

18. Accordingly, Defendant is liable to the Fund for the payment and/or submission of the required monetary contributions and/or reports to the Fund as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

**WHEREFORE,** the Fund demands judgment:

a. against Defendant, for payment of all past due contributions to date.

b. against Defendant for payment of all contributions which become due during the pendency of this action;

c. against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2) and in accordance with the collective bargaining agreements;

d. against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2) and in accordance with the collective bargaining agreement.;

e. for an Order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise for so long as it remains obligated to contribute to the Fund, from failing, refusing or neglecting to pay and/or remit the required monetary contributions and/or reports, in accordance with the applicable Agreements;

f. for an Order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise for so long as it remains obligated to contribute to the Fund, from failing, refusing or neglecting to pay and/or remit the required monetary contributions and/or reports, in accordance with ERISA and the applicable Agreement;

g. for such other and further relief as the Court deems just and proper.

Dated:  Fort Lee, New Jersey
        January 27 2018

                                                  RAAB, STURM & GANCHROW, LLP
                                                  *Attorneys for Plaintiff*

                                      By: _____

                                                  Ira A. Sturm (IS-2042)
                                                  2125 Center Avenue, Suite 100
                                                  Fort Lee, New Jersey 07024
                                                  (Tel.) 201-292-0150
                                                  isturm@rsgllp.com